RUDOLPH HAVERMAN v. FORT WORTH & RIO GRANDE RAILWAY COMPANY.

Decided March 11, 1899.

**Charge of Court—Burden of Proof—Contributory Negligence.**

Plaintiff in an action for personal injury can not complain of the failure of the court, after charging that the burden was on him to make out his case, to charge that the burden was on defendant to make out its defense of contributory negligence, where no such instruction was requested.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Martin & Smith,* for appellant.

*Capps & Canty,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by the appellant in the District Court of Tarrant County against the appellee for damages for personal injuries alleged to have been received by him on December 1, 1897, while in defendant's employ in Erath County, Texas, by reason of the fact, as alleged, that a switch tie fell from the appellee's car, crushing his leg and otherwise injuring him. The particular act of negligence alleged was that of the foreman in charge of men employed by appellee in unloading a car loaded with switch ties. It was alleged that the ties had been loaded on the car in two tiers; that the space between the ends in the middle of the car was clear; that the ties were secured in place by stakes upon the sides of the car; and that said foreman negligently took the stakes out from one full side of the car in un-

loading, instead of taking out the stakes that secured one tier only, or one-half the stakes.

The defendant pleaded, among other things, contributory negligence of plaintiff, assumed risks, and that if appellant was injured he was injured by the negligence of his co-employes.

It appears from the evidence that one Fowler was foreman, as alleged, with power to employ, direct, and discharge men. The men unloading this car, including the appellant, were engaged in the following manner: Two or three of the men were on top of the car. They would throw down five or six ties at a time. Appellant and Fowler would then straighten the ties unloaded and step back out of the way until other ties were again thrown down. The proof shows that just prior to appellant's injuries he and Fowler had stepped to the side of the car and straightened some ties. Fowler testifies that after so straightening the ties he ordered the men on the car to throw down some more, and ordered appellant to get back. It further appears that appellant failed to get out of the way in time, or that he stepped aside, and in throwing down the tie said tie struck one of the tier of ties on the other end of the car, and that it fell and caught appellant's foot, and that he was injured.

The evidence is conflicting as to the proper method of unloading the car, that is, as to whether it was proper to take out all of the stakes or a part only of the stakes. It was also conflicting as to whether the two tiers of ties were so separated as to make it possible to unload one end of the car at a time. Some of the witnesses testified that the ties were interlapped. The evidence is also conflicting as to whether the tie that fell on appellant's foot was knocked off by the men upon the car or fell of its own accord. In fact, it may be said that the evidence is conflicting upon almost every issue in the case.

The first assignment of error is that "the court erred in charging the jury that the burden was on the plaintiff to make out his case by the preponderance of the testimony, and failed to charge afterwards that the alleged defense of the defendant of contributory negligence on the part of the plaintiff, and that plaintiff's injuries were caused by the negligent acts of his fellow servants, if any, as to these defenses, the burden of proof would be on the defendant alleging the same."

The only basis for this contention is that in the court's charge, in the first paragraph thereof, the court gave the following instruction: "Gentlemen of the jury, the burden is on the plaintiff to make out his case by a preponderance of the evidence, and unless he has done so it will be your duty to find for the defendant; but if he has done so, it will be your duty to find for the plaintiff." Then follows what appears to us to be a very full and fair charge upon all the issues made by the pleadings and evidence in the case, with no further reference, however, to the burden of proof.

Appellant at no time requested any charge upon the subject, and viewing the charge given, in its place and in its connection with the remainder of the charge, we do not think it subject to the criticism offered. The

plaintiff set out his case in his petition. If true as stated, he was entitled to recover. No facts were by him stated from which negligence on his part or negligence on the part of his co-employes could be inferred, and the jury must certainly have understood by the charge given merely that the burden was upon him to make out *his* case, viz., the case stated in his petition; and we think that if the evidence was such as to make it desirable for the jury to be specially instructed that the burden was upon the defendant to prove the contributory negligence of the plaintiff, or that the injury caused was the result of the negligence of appellant's co-employes, he should have supplied the omission by a requested instruction.

The jury were instructed that, while the plaintiff assumed the usual and ordinary risks incident to the character of work in which he was engaged, yet that such assumed risk did not include danger from negligence on the part of the foreman under whom he worked; and they were instructed, in effect, that if Fowler, the foreman, was guilty of negligence in removing or causing to be removed the stakes or standards along the entire length of the car from which the ties were being unloaded, instead of just a portion of the same, and on that account plaintiff was injured by falling ties, then they should find for plaintiff, unless they further found that plaintiff himself was guilty of negligence contributing to the cause of the injury. They were further instructed that if the injury was the result of the negligence of appellant's co-employes, yet if the foreman was negligent, and his negligence concurred with the negligence of such co-employes, plaintiff would be entitled to recover, unless his own negligence contributed to the injury.

We have carefully examined the charge and the evidence. The jury below passed upon the facts, and we fail to find any error in the proceedings of which appellant can complain. It is accordingly ordered that the judgment below be in all things affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We have again carefully examined the record herein, and see no reason to change our original opinion affirming the judgment below. It is insisted among other things, however, that we were in error in the original opinion in stating that "some of the witnessess testified that the ties were interlapped."

This was perhaps an erroneous statement, if the most generally accepted definition of that term be excepted, but as used in the opinion it was not intended thereby to convey the idea that the end of one tie rested upon another, although the words so used may have conveyed and may have been sufficient to convey that idea. The idea intended to be conveyed was that the evidence indicated that the ties were so loaded and so intermingled as that it was not practicable to unload the car without taking the stakes from the entire side of the car.

The testimony of some of the witnesses was to the effect that the car upon which the ties in question were loaded was between 30 and 33 feet in length; that it was loaded with two tiers of ties, 44 ties in each tier, a tier of ties being upon either end of the car; that the ties were from 9 to 21 feet long, that is, some were 9 feet, some 9½, some 10½, and so on; that the flat car was between 8 and 9 feet broad between the stakes, and the ties were piled 4 or 5 feet high; that the joints between the ties were broken joints, that is, a tie 21 feet long would be loaded on one end of the car, and then a tie 9 feet long would be loaded upon the other end of the car, the ends touching or approximately touching; that then a 21-foot tie would be loaded down by the side of the 9-foot tie, projecting beyond its inner end, and then a 9-foot tie loaded on the other end of the car, butting against the end of this tie, and so on; and that in unloading a tie, for instance, 21 feet long, it could not be unloaded with the stakes from one end of the car only removed, without lifting such tie over the other stakes or without unloading from the end of the car; the testimony being that a 21-foot tie, 8 by 10 inches, being the size of the ties in question, would weigh about 500 pounds.

With this correction in the statement of the original opinion, the motion for rehearing is overruled.

*Overruled.*